Mr. Murray H. Dubbin Miami Beach City Attorney 1700 Convention Center Drive Miami Beach, Florida 33139
Dear Mr. Dubbin:
On behalf of the Miami Beach City Commission, you ask essentially the following question:
If the governing body of a municipality adopts an ordinance pursuant to section 196.1997, Florida Statutes, allowing ad valorem tax exemptions to historic properties if the owners are engaging in the restoration, rehabilitation, or renovation of such properties, may the governing body limit the exemption to qualifying detached single-family residential homes?
In sum:
Section 196.1997, Florida Statutes, permits the governing body of a municipality to specify by ordinance the type of historical properties for which the exemption will apply. Accordingly, provided such classifications are not arbitrary or unreasonable, the city may specify the type of properties eligible for the exemption, such as detached single-family residential homes.
Article VII, section 3(e), Florida Constitution, provides:
"Any county or municipality may, for the purpose of its respective tax levy and subject to the provisions of this subsection and general law, grant historic preservation ad valorem tax exemptions to owners of historic properties. This exemption may be granted only by ordinance of the county or municipality. The amount or limits of the amount of this exemption and the requirements for eligible properties must be specified by general law. The period of time for which this exemption may be granted to a property owner shall be determined by general law."[1]
Section 196.1997, Florida Statutes, seeks to implement this constitutional provision by providing in subsection (1):
"The board of county commissioners of any county or the governing authority of any municipality may adopt an ordinance to allow ad valorem tax exemptions under s. 3, Art. VII of the State Constitution to historic properties if the owners are engaging in the restoration, rehabilitation, or renovation of such properties in accordance with guidelines established in this section."[2]
The city or county may authorize the ad valorem tax exemption, which applies only to real property improvements made on or after the day the authorizing ordinance is adopted, for up to 100 percent of the assessed value of all improvements to historic properties that result from the restoration, renovation, or rehabilitation of such properties.[3] The exemption, however, applies only to taxes levied by the city or county granting the exemption and does not apply to taxes levied for the payment of bonds or to taxes authorized by a vote of the electors pursuant to section 9(b) or section 12, Article VII of the Florida Constitution.[4] In order to retain the exemption, the historic character of the property, and improvements that qualified the property for an exemption, must be maintained over the period for which the exemption is granted.[5]
Subsection (11) of section 196.1997, Florida Statutes, provides that property is qualified for an exemption under this section if:
"(a) At the time the exemption is granted, the property:
1. Is individually listed in the National Register of Historic Places pursuant to the National Historic Preservation Act of 1966, as amended; or
2. Is a contributing property to a national-register-listed district; or
3. Is designated as a historic property, or as a contributing property to a historic district, under the terms of a local preservation ordinance; and
(b) The local historic preservation office or the Division of Historical Resources, whichever is applicable, has certified to the local governing authority that the property for which an exemption is requested satisfies paragraph (a)."
Additionally, in order for an improvement to a historic property to qualify the property for an exemption, the improvement must:
"(a) Be consistent with the United States Secretary of Interior's Standards for Rehabilitation. (b) Be determined by the Division of Historical Resources or the local historic preservation office, whichever is applicable, to meet criteria established in rules adopted by the Department of State."[6]
Section 196.1997(3), Florida Statutes, provides:
"The ordinance shall designate the type and location of historic property for which exemptions may be granted, which may include any property meeting the provisions of subsection (11), which property may be further required to be located within a particular geographic area or areas of the county or municipality." (e.s.)
The term "type" is generally defined as the qualities common to a number of individuals or items that serve to distinguish them as an identifiable class or kind.[7]
Thus, the statute specifically recognizes that the governing body of a county or municipality may by ordinance select not only the location but the kind of historic properties for which the exemption will apply. In making such classifications, the governing body must act in a reasonable and nonarbitrary manner; section 196.1997(3), Florida Statutes, however, clearly contemplates that the governing body may distinguish between different kinds of historic properties.[8]
Accordingly, I am of the opinion that section 196.1997, Florida Statutes, permits the governing body of a municipality to specify by ordinance the type of historical properties for which the exemption will apply. Accordingly, provided such classifications are not arbitrary or unreasonable, the city may specify the type of properties eligible for the exemption, such as detached single-family residential homes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Subsection (e) of Art. VII, s. 3, Fla. Const., was proposed by 1992 Senate Joint Resolution 152, and approved by the electorate in 1992. It became effective January 1, 1993.
[2] Compare, s. 196.1998, Fla. Stat., which provides for additional ad valorem tax exemptions for historic properties open to the public.
[3] Section 196.1997(2), Fla. Stat.
[4] Section 196.1997(4), Fla. Stat.
[5] See, s. 196.1997(5), Fla. Stat., which also provides that the ordinance must specify that any exemption granted remains in effect for up to 10 years with respect to any particular property, regardless of any change in the authority of the county or municipality to grant such exemptions, or any change in ownership of the property.
[6] Section 196.1997(12), Fla. Stat. And see, Ch. 1A-38, Fla. Admin. C.
[7] Webster's Third New International Dictionary 2476 (unabridged ed. 1981) ("type" synonymous with "kind," "sort"). See, Encarta World English Dictionary (2001) visited at http://dictionary.msn.com (Type — kind or sort: a category of things or people whose members share some qualities)
[8] And see, Commentary to 1992 Amendment to Art. VII, s. 3, F.S.A., stating:
"This amendment added subsection (e), which authorizes counties and municipalities to grant ad valorem tax exemptions to owners of historic properties engaged in the rehabilitation or renovation of the properties in accordance with historic preservation guidelines."
The amount of the exemption, limits on the amount, requirements for eligibility, and the period of time for which an exemption could be granted, are established by general law. See ss 196.1997 and 196.1998, Fla. Stat.Implementation requires adoption of a local ordinance, whichmay dictate such matters as the number, type, and locationof eligible properties. (e.s.)